**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUSAN VAN ROEYEN, ) | |
| on behalf of herself and a class ) | |
| of all those similarly situated, ) | |
| ) | |
| *Plaintiff,* ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CAVALRY LOGISTICS and ) | |
| UNIVERSAL LOGISTICS HOLDINGS d/b/a ) | |
| UNIVERSAL LOGISTICS SOLUTIONS ) | |
| INTERNATIONAL ) | |
| ) | |
| *Defendants.* ) | |

## CLASS ACTION COMPLAINT

The plaintiff, Susan Van Roeyen, by her counsel, on her own behalf and on behalf of a class of all those similarly situated, brings the following Complaint against defendants Cavalry Logistics and Universal Logistics Holdings d/b/a Universal Logistics Solutions International pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §§105, *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 et seq. ("IWPCA").

## THE PARTIES

1. Defendant Cavalry Logistics ("Cavalry") is a Tennessee corporation with its principal place of business in Tennessee. Cavalry does business throughout the state of Illinois, including in this District with offices in Schaumburg. Cavalry is a global provider of transportation services and logistics solutions. Cavalry Logistics is a wholly-owned subsidiary of Universal Logistics Holdings, Inc.

2. Defendant Universal Logistics Holdings, Inc. d/b/a Universal Logistics Solutions

International ("Universal") is a Michigan corporation with its principal place of business in Michigan. Universal does business throughout the state of Illinois, including in this District with offices in Itasca. Universal is a full-service provider of customized transportation and logistics solutions.

3. On April 3, 2019, Cavalry expanded rapidly by tripling its locations, hiring aggressively and integrating with Universal's forwarding division. Universal rebranded the absorbed division as Cavalry Logistics International (CLI).

4. The plaintiff, Susan Van Roeyen, is a female former employee of Cavalry and Universal. She was at all relevant times a resident of McHenry, IL.

5. Each member of the putative class worked as a Sales Director, a Broker, or a similar title for Cavalry and/or Universal within three years of the filing of this Complaint.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the plaintiff resides in this District, the defendants do business in this District and employed the plaintiff in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The Northern District of Illinois has personal jurisdiction over defendants, because they reside in or maintain business offices in this District and do business in the state of Illinois.

## FACTS

10. Ms. Van Roeyen was hired by Universal on June 20, 2013. She worked in Universal's Itasca Office, as a Sales Director (also known as a "Broker") until she was terminated on May 8, 2019.

11. Universal/Cavalry are logistics companies that employ hundreds of Brokers (and those with similar titles and duties) throughout the country.

12. On or about December 15, 2018, Universal changed management to Bob King of Cavalry. Although Ms. Van Roeyen was now reporting into Bob King, she still worked Universal because Cavalry was a wholly-owned subsidiary of Universal..

## Wage and Hour Violations

13. Universal/Cavalry is an "employer" as that term is defined by the FLSA and IMWL.

14. Ms. Van Roeyen and the putative class members were paid a base salary plus a commission on loads that they booked.

15. Brokers (and those with similar titles and duties) connect Universal/Cavalry customers wishing to ship loads of goods with shippers that can deliver said goods. This process is known as "booking loads."

16. Their job duties are limited to taking customer orders, providing quotes, matching customers with carriers, entering orders into the computerized systems, using said systems to schedule pickup and delivery, and monitoring shipments. These job duties do not constitute an overtime exempt position, nor did they constitute "management" positions.

17. Ms. Van Roeyen and the putative class members did not exercise independent discretion and judgment in performing these job duties or as to matters of significance. They did not have the authority to make independent business decisions or bind the company without management approval. They did not serve in supervisory roles.

18. Universal/Cavalry misclassified Ms. Van Roeyen and the putative class members as exempt under the FLSA and IMWL. It knew or should have known that they did not perform work that arguably qualified them as exempt. Ms. Van Roeyen and the putative class members were not exempt from the FLSA or IMWL because they did not meet the standards for exemption under federal or state law.

19. Ms. Van Roeyen and the putative class members regularly worked more than 40 hours per week.

20. Ms. Van Roeyen and the putative class members did not regularly take meal breaks or other breaks, and instead ate at their desks and continued to work.

21. Universal/Cavalry did not pay Ms. Van Roeyen and the putative class members overtime or any other additional compensation for the hours they worked in excess of 40 per week.

22. Universal/Cavalry failed to keep records of the time worked each week by Ms. Van Roeyen and the putative class members in violation of the FLSA and the IMWL.

23. Electronic records exist that are sufficient to allow Ms. Van Roeyen and the putative class members to determine the hours they worked.

## Wage Payment & Collection Act

24. On or about June 20, 2013, Universal proposed a written contract to Plaintiff containing a commission structure for her compensation for services rendered to that employer, which Plaintiff signed and accepted in writing. The acceptance of that structure by Plaintiff constituted a contract between her and Universal. A copy of that contract is attached hereto as Exhibit "A" and incorporated herein.

25. From about June 20, 2013, Universal paid commissions to Plaintiff in accord with the provisions of Exhibit "A."

26. On or about June 5, 2017 Universal merged with Cavalry. The merger resulted in a

dual reporting structure for Ms. Van Roeyen into Universal and Cavalry.

27. Universal/Cavalry continued to employ Ms. Van Roeyen as a Broker, and continued to pay her commissions pursuant to the terms found in Exhibit A.

28. As a matter of course, Universal/Cavalry did not pay Ms. Van Roeyen her earned commissions in a timely fashion under the IWPCA.

29. Universal/Cavalry terminated Ms. Van Roeyen's employment on May 8, 2019.

30. At the time of her termination, Ms. Van Roeyen had earned commissions under the existing commission plan in excess of $50,000.

31. Universal/Cavalry has failed and refused to pay to Ms. Van Roeyen the commissions which she has earned, despite her repeated demands for payment of those funds.

## COUNT I
### Violation of the Fair Labor Standards Act
### Brought on Behalf of Ms. Susan Van Roeyen and a 29 U.S.C. § 216(b) Collective

32. Ms. Van Roeyen realleges each of the paragraphs set forth above.

33. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(l), states that an employee must be paid overtime, equal to one and one-half (1 1/2) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. The FLSA requires that the regular rate of pay include all remuneration for employment paid to or on behalf of the employee, including non- discretionary bonuses and commissions.

34. As alleged above, Ms. Van Roeyen and the putative class members regularly worked more than forty hours per week but were not paid overtime.

35. Ms. Van Roeyen brings Count I of this action pursuant to 29 U.S.C. § 216(b)'s collective action provisions on behalf of a collective of opt-in collective class members defined as follows:

All persons who have been employed in the state of Illinois at Universal/Cavalry

as Sales Director, Account Managers, Brokers, and/or other similar positions at any time from three years before the filing of this action through and including the present and until final resolution of the case, and who have not been paid overtime wages (as defined by the FLSA) for all the time worked over 40 hours in individual work weeks.

36. The putative class members number in the several hundreds. As such, a collective action is the most efficient mechanism for resolving the claims of the class members.

37. With respect to unpaid overtime, the members of the FLSA opt-in collective class are similarly situated because they perform similar job functions and regularly were not paid overtime due to the above-described policies.

38. Ms. Van Roeyen and the members of the putative class are/were "employees" for the purposes of 29 U.S.C. § 203(e).

39. Universal/Cavalry is/was an "employer" of Ms. Van Roeyen and the members of the putative class for the purposes of 29 U.S.C. § 203(d).

40. Ms. Van Roeyen and the putative class members are/were not exempt from the FLSA's overtime provisions for any reason.

41. Universal/Cavalry is/was aware of the duties performed by Ms. Van Roeyen and the putative class members, that they were not exempt from the FLSA's overtime provisions, and that it had an obligation to pay them overtime at a rate of time and one-half for hours worked over 40.

42. Ms. Van Roeyen and the putative class members are/were regularly uncompensated for the overtime hours they worked due to Universal/Cavalry's policies. As such, Universal/Cavalry violated the FLSA in its failure to pay Ms. Van Roeyen and the putative members of the FLSA opt-in collective class the required compensation for hours worked.

43. Further, by failing to record, report and/or preserve records of the actual hours worked by Ms. Van Roeyen and the members of the putative class Universal/Cavalry has failed to make, keep and preserve records sufficient to determine these employees' wages, hours and other

conditions of employment, in violation of the FLSA.

44. Universal/Cavalry's violation of the FLSA is willful, repeated and intentional.

45. Ms. Van Roeyen and the putative class members are/were harmed by Universal/Cavalry's actions.

46. By the filing of this Collective and Class Action Complaint, Ms. Van Roeyen hereby gives her consent to sue under the FLSA, 29 U.S.C. § 216(b). It is anticipated that upon notice, or otherwise, additional similarly-situated individuals will sign Consent to Sue forms and join as plaintiffs in the future.

47. The class should be conditionally certified, and notice should be promptly provided to the FLSA opt-in collective class as provided by the above section.

48. The names, addresses, and email addresses of the FLSA opt-in collective class members should be made available from Universal/Cavalry's employment records and notice should be given as soon as feasible.

**WHEREFORE**, the plaintiff, Susan Van Roeyen, on behalf of herself and the FLSA opt-in collective class, prays that the Court provide the following relief as to **Count I**:

A. Designate and certify this action as a collective action on behalf of the FLSA opt-in collective class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designate the plaintiff, Susan Van Roeyen, as the representative of the FLSA opt-in collective class, and the undersigned counsel as class counsel;

C. Enter a declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the FLSA;

D. Award compensatory and statutory damages, including liquidated damages;

E. Award costs of the action incurred, including expert fees;

F. Award attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Award pre- and post-judgment interest; and

H. Award all other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## COUNT II

### Violation of the Illinois Minimum Wage Law
### Brought on Behalf of Ms. Susan Van Roeyen and a Putative F.R.C.P. 23 Class

49. Ms. Van Roeyen realleges each of the paragraphs set forth above.

50. Ms. Van Roeyen brings Count II of this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class consisting of

> All persons who have been employed in the state of Illinois at Universal/Cavalry as Sales Director, Account Managers, Brokers, and/or other similar positions at any time from three years before the filing of this action through and including the present and until final resolution of the case, and who have not been paid overtime (as defined by the IMWL) for all the time worked over 40 hours in individual work weeks.

51. The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

52. The IMWL, like the FLSA, requires that commissions must be included in computing the employee's overtime and regular rates of pay. 56 Ill. Admin. Code 210.430.

53. The IMWL further provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

54. Ms. Van Roeyen and the putative class members are/were "employees" for the purposes of 820 ILCS 105/3(d).

55. Universal/Cavalry is/was an "employer" for the purposes of 820 ILCS 105/3(c).

56. Ms. Van Roeyen and the putative class members are not exempt from the IMWL for any reason.

57. Ms. Van Roeyen and the putative class members are/were regularly uncompensated for hours that they actually worked due to Universal/Cavalry's policies.

58. Universal/Cavalry is/was aware of the duties performed by Ms. Van Roeyen and the putative class members, that they were not exempt from the IMWL's overtime provisions, and that it had an obligation to pay them overtime for hours worked over 40.

59. As such, Universal/Cavalry violated the IMWL in its failure to pay Ms. Van Roeyen and the members of the Rule 23 class the required compensation for hours worked.

60. Universal/Cavalry's violation of the IMWL is/was willful, repeated and intentional.

61. Ms. Van Roeyen and the putative class members are/were harmed by Universal/Cavalry's actions.

62. The Rule 23 class is so numerous that joinder of all members if impracticable. On information and belief, the class numbers in the hundreds.

63. There are questions of law or fact common to the class, including, but not limited to, whether Universal/Cavalry's failed and continues to fail to pay overtime for hours worked in excess of 40 per week.

64. Ms. Van Roeyen's claims or defenses are typical of the claims or defenses of the Rule 23 class. She, like the other Rule 23 class members, was subject to Universal/Cavalry's policy of failing to pay overtime for hours worked in excess of 40 per week.

65. Ms. Van Roeyen will fairly and adequately protect the interests of the Rule 23 class.

66. She has retained counsel competent and experienced in complex class actions and the types of claims alleged herein.

67. Class certification is appropriate under F.R.C.P. 23(b)(1) because prosecuting separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the defendant; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

68. Class certification is also appropriate under F.R.C.P. 23(b)(2) because the defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

69. Class certification is appropriate under F.R.C.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only the plaintiff, and because a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**WHEREFORE**, the plaintiff, Susan Van Roeyen, on behalf of herself and the Rule 23 class, prays that the Court provide the following relief as to **Count II**:

A. Designate and certify this action as a class action pursuant to Fed. R. Civ. P. 23 under the appropriate section(s) on behalf of the Rule 23 class.

B. Designate the plaintiff, Susan Van Roeyen, as the representative of the Rule 23 class and the undersigned counsel as class counsel;

C. Enter a declaratory judgment that the practices that form this complaint are unlawful under the IMWL;

D. Award all underpayments due to the Rule 23 class;

E. Award damages in the amount of 2% of the amount of such underpayments for each month that they were not paid;

F. Award costs of the action incurred, including expert fees;

G. Award attorneys' fees;

H. Award pre- and post-judgment interest; and

I. Award all other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## COUNT III
### Breach of Contract
### Brought on Behalf of Ms. Van Roeyen

70. Ms. Van Roeyen realleges each of the paragraphs set forth above.

71. The refusal of Defendants to pay Plaintiff the commissions due to her pursuant is a material breach of its contract with her.

72. As a result of Defendants' breach of that contract, Plaintiff has been damaged in the sum greater than $50,000 to be determined in conformance with the evidence.

73. Plaintiff is entitled to interest on the unpaid commissions pursuant to the provisions

of 815 ILCS 205/2.

**WHEREFORE**, as to **Count III**, the plaintiff, Susan Van Roeyen, demands judgment against Defendants Cavalry Logistics and Universal Logistics Holdings d/b/a Universal Logistics Solutions International in the amount greater than $50,000 to be determined in conformance with the evidence, plus interest until paid and her costs of suit herein, and other and relief, whether legal or equitable, that the Court may deem appropriate.

## COUNT IV
### Unjust Enrichment

74. Ms. Van Roeyen realleges each of the paragraphs set forth above.

75. The refusal of Defendants to pay to Ms. Van Roeyen the commissions which it had contractually agreed to pay and its retention of the monies it was obligated to pay to her has unjustly enriched Defendants at Plaintiff's expense.

76. The refusal of Defendants to pay the said commissions to Plaintiff violates the fundamental principles of justice, equity and good conscience.

77. Plaintiff is entitled to be made whole for the benefit Defendants have withheld from her.

**WHEREFORE** as to **Count IV**, the plaintiff, Susan Van Roeyen, demands judgment against Defendants Cavalry Logistics and Universal Logistics Holdings d/b/a Universal Logistics Solutions International in the amount greater than $50,000 to be determined in conformance with the evidence, plus interest until paid and her costs of suit herein, and other and relief, whether legal or equitable, that the Court may deem appropriate.

## COUNT V
### Violation of the Illinois Wage Payment And Collection Act

78. Ms. Van Roeyen realleges each of the paragraphs set forth above.

79. In failing to make timely payment to Plaintiff for the commissions she had earned, Defendants have violated the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115/3 and 115/4.

80. In addition to refusing to pay to Plaintiff the commissions she has earned, Defendants failed and refused to pay commissions earned by Plaintiff monthly, as required by 820 ILCS 115/3.

81. In addition to the unpaid commissions which have been earned and remain due and owing to her as alleged herein, Plaintiff is also entitled to recover from Defendants, additional damages of 2% of the unpaid amount per month for each month during which the amounts remain unpaid, plus her attorneys fees in connection with the prosecution of this suit, pursuant to the provisions of 820 ILCS 115/14(a).

**WHEREFORE** as to **Count V**, the plaintiff, Susan Van Roeyen, demands judgment against Defendants Cavalry Logistics and Universal Logistics Holdings d/b/a Universal Logistics Solutions International in an amount greater than $50,000 to be determined in conformance with the evidence, plus interest on the unpaid amount, damages of 2% per month for each month they remain unpaid, her attorney's fees expended in this case and her costs of suit herein, and other and relief, whether legal or equitable, that the Court may deem appropriate.

## JURY DEMAND

The plaintiff demands a trial by jury.

Respectfully submitted,
Ethan G. Zelizer

/s/ Ethan G. Zelizer
Ethan G. Zelizer

Ethan G. Zelizer #06280096
HR Law Counsel, LLC
50 S. Main St., Ste. 200
Naperville, IL 60540
Tel. (630) 551-8374

Electronically filed on January 9, 2020